IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-20579
Summary Calendar
_____

In The Matter Of: DENNIS RODNEY BAILEY

Debtor.

DENNIS RODNEY BAILEY,

Appellant,

versus

DAVID COOK; ANNA COOK,

Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas, Houston
USDC No. H-01-CV-652
_____

March 13, 2002

Before JOLLY, DAVIS and STEWART, Circuit Judges.

PER CURIAM:[*]

In this appeal, the debtor, Dennis Bailey, challenges the bankruptcy court's determination that a debt based on a pre-petition state court judgment in favor of David and Anna Cook is nondischargeable.  Under 11 U.S.C. § 523(a)(2)(A), a debt is nondischargeable in bankruptcy if it involves money that was obtained by "false pretenses, a false representation, or actual

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

fraud." Because the state court jury's findings with respect to the Cooks' common law fraud claim satisfy the definition of "actual fraud" under § 523, we conclude that collateral estoppel bars relitigation of the issue in bankruptcy court. Accordingly, we affirm the judgment of the district court.

I

In October 1999, a Texas state court entered judgment against Bailey and in favor of the Cooks. The jury in that case found that Bailey committed both common law and statutory fraud against the Cooks and that Bailey had "actual awareness of the falsity of the representation or promise" involved in the fraud.[1] Based on these and other findings, the jury awarded the Cooks $15,000 in damages. Shortly after this judgment was entered, Bailey filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code. The Cooks then filed this action objecting to the discharge of Bailey's debt to them on the ground that their state court judgment fit within a statutory discharge exception for debts arising out of fraud. The bankruptcy court eventually granted summary judgment in favor of the Cooks, holding that collateral estoppel barred relitigation of whether the debt was based on fraudulent conduct by Bailey. The district court affirmed, and this appeal followed.

II

Bailey argues that the bankruptcy court and district court

---

[1] Apparently, Bailey failed to refund the Cooks' earnest money and down payment on a new home.

erred by giving preclusive effect to the jury's findings in the state court proceedings. Specifically, he argues that collateral estoppel does not apply here because the state court jury's findings on fraud, when read in conjunction with instructions issued by the court, do not meet the requirements for fraud under the exception to discharge established in 11 U.S.C. § 523(a)(2)(A). Thus, the question is whether the state court jury decided the same issue that the bankruptcy court would have to decide under § 523.

The Supreme Court has "clarif[ied] that collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)." Grogan v. Garner, 498 U.S. 279, 284 & n.11 (1991). Under federal law, collateral estoppel bars relitigation of an issue if: "(1) the issue at stake [is] identical to the one involved in the prior action; (2) the issue [was] actually litigated in the prior action; and (3) the determination of the issue in the prior action [was] a part of the judgment in that earlier action." In re Southmark Corp., 163 F.3d 925, 932 (5th Cir. 1999) (citation omitted). Only the first element is disputed here -- that is, whether the issue at stake in the federal bankruptcy proceedings is identical to that decided in the state court. Resolution of this question turns on a comparison of the elements of the exception to discharge in § 523(a)(2)(A) and the state court jury instructions and findings.

Section 523(a)(2)(A) provides that a bankruptcy discharge does not apply to any debt "for money, property, [or] services . . . to

3

the extent obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." We have construed "actual fraud" in this context to require proof that: "(1) the debtor made representations; (2) at the time they were made the debtor knew they were false; (3) the debtor made the representations with the intention and purpose to deceive the creditor; (4) that the creditor relied on such representations; and (5) that the creditor sustained losses as a proximate result of the representations." Matter of Bercier, 934 F.2d 689, 692 (5th Cir. 1991) (citation and internal quotation marks omitted). Under this definition, "fraud implied in law which may exist without imputation of bad faith or immorality, is insufficient," Allison v. Roberts, 960 F.2d 481, 483 (5th Cir.1992) (internal quotation marks omitted), because the provision applies only to "debts obtained by frauds involving moral turpitude or intentional wrong" in which the misrepresentations were "knowingly and fraudulently made." Matter of Martin, 963 F.2d 809, 813 (5th Cir. 1992).

In the present case, the jury specifically found that Bailey committed both common law fraud and statutory fraud against the Cooks. The jury instructions defined common law fraud as (1) a material misrepresentation (2) "made with knowledge of its falsity or make recklessly without any knowledge of the truth" (3) with the intention of inducing reliance by the other party and (4) the other party actually relied on the misrepresentation to its detriment.

4

Since this definition does not seem to require that the misrepresentation be "knowingly and fraudulently made," Bailey argues that the state court proceedings did not decide the same issue that was before the bankruptcy court under § 523(a)(2)(A). But we do not have to reach this question because the jury here found more than common law fraud: It also found that Bailey had "actual awareness of the falsity of the representation or promise" that was found to be fraudulent.[2] Thus, we think it is clear that the state court jury's findings address all of the elements of fraud required under 11 U.S.C. § 523(a)(2)(A).

Because the state court judgment in this case satisfies the requirements for collateral estoppel, the bankruptcy court and district court correctly held that relitigation of the "actual fraud" issue under § 523 is barred.

## III

For the reasons set out above, the judgment of the district court is

AFFIRMED.

---

[2] Although this finding apparently was made in connection with the jury's finding on statutory fraud, we see no reason to limit its effect to that claim.